### FRIEDLANDER v. FLEISCHHAUER et al.

(Supreme Court, Appellate Term. December 22, 1911.)

EXECUTORS AND ADMINISTRATORS (§ 451*)—ACTIONS—RECOVERY OF RENT PAID—QUESTION FOR JURY.

Where the answer admitted that defendant's testator agreed to give plaintiff a lease for years of premises at a yearly rental, and plaintiff testified that he paid a month's rent in advance at the time the letting was agreed on, but that testator refused to execute a lease, plaintiff established a prima facie case for the return of the money paid, and a dismissal of the complaint at the close of his case was unauthorized, though evidence subsequently received was ample to sustain a verdict for defendant.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 451.*]

Appeal from City Court of New York, Trial Term.

Action by Meyer Friedlander against Rosa Fleischhauer and others, executors of Jacob Fleischhauer, deceased. From so much of the judgment of the City Court of the City of New York as dismissed the first cause of action of the complaint at the close of plaintiff's case and as awarded judgment for defendants with costs of the action on the second cause of action, and from an order denying a new trial of the second cause of action, plaintiff appeals. Reversed in part, affirmed in part.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Morrison & Schiff (Jacob R. Schiff, of counsel), for appellant.

Emanuel Jacobus (Henry Marx, of counsel), for respondents.

GIEGERICH, J. The answer admits that in the month of September, 1900, the defendants' testator agreed and promised to give the plaintiff a written lease for a term of years of certain premises at the yearly rent of $7,000, and to make, execute, and deliver the said lease and possession of the said premises thereunder on the last day of September, 1900. As the plaintiff testified that he had paid one month's rent in advance at the time when the letting was agreed upon, but that the defendant had refused to execute the written lease, I think he made out a prima facie case for the return of his money, and that it was therefore error to dismiss the complaint upon that cause of action at the close of his case. This is the error assigned, and, although evidence seems to have been subsequently received which would have been ample to sustain a verdict for the defendants upon the cause of action in question, the fact is of no importance in the disposition of this appeal.

There seems to be no reason for disturbing the judgment entered upon the verdict of the jury upon the second cause of action.

The judgment in so far as it dismisses the complaint as to the first cause of action and awards costs to the defendants should be reversed, and a new trial of that cause of action should be ordered; in all other respects the judgment and the order appealed from should be affirmed, without costs. All concur.